# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD I. PORTILLA and CRUZ M. PORTILLA, as individuals,<br><br>            Plaintiffs,<br>    vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>            Defendants. | CASE NO. 10cv1164 DMS (BGS)<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Docket No. 3] |

## I.
## BACKGROUND

This matter comes before the Court on Plaintiffs' application for a temporary restraining order ("TRO") to prevent Defendants from foreclosing on or selling Plaintiffs' residence. Plaintiffs filed the instant application and a Verified Complaint on May 28, 2010, and served both documents on Defendant Deutsche Bank National Trust Company. No party has filed an opposition to the motion.

Plaintiffs state they reside in the property located at 2307 Rock View Glenn, Escondido, California. In 2006, Plaintiffs obtained a loan from Defendants to refinance the property. Plaintiffs allege Defendants did not provide them with the documents and disclosures required by the Truth in Lending Act ("TILA"), and that the information Defendants did provide was inaccurate or misleading. (Compl. at ¶¶27-28.) Plaintiffs are unable to make the monthly payments on their loan, and are

/ / /

1  currently facing foreclosure.[1] The Complaint alleges the following claims for relief: (1) violation of
2  TILA, (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), (3) breach of fiduciary
3  duty, (4) violation of California Business and Professions Code § 17200, (5) breach of the implied
4  covenant of good faith and fair dealing, (6) negligence and (7) injunctive relief.

## II.

## DISCUSSION

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999); *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998). "'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" *Roe*, 134 F.3d at 1402 (quoting *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992)); *accord Sun Microsystems*, 188 F.3d at 1119. "Thus, 'the greater the relative hardship to the moving party, the less probability of success must be shown.'" *Sun Microsystems*, 188 F.3d at 1119 (quoting *National Ctr. for Immigrants Rights v. INS*, 743 F.2d 1365, 1369 (9th Cir. 1984)).

/ / /

---

[1] The Complaint alleges Plaintiffs' "family home is in imminent danger of foreclosure." (*Id.* at ¶1.) In an effort to obtain more specific information, the Court visited the website listed on the Notice of Trustee's Sale, and called the toll-free number listed therein, and learned that Plaintiffs' home is scheduled for sale on June 11, 2010, at 10:00 a.m.

Here, Plaintiffs have shown a possibility of irreparable harm in the potential loss of their residence. However, Plaintiffs have not demonstrated either "a combination of probable success on the merits" of their claims, nor have they raised any serious questions about the merits of their claims. In the absence thereof, Plaintiffs are not entitled to a temporary restraining order.

## III.

## CONCLUSION

For these reasons, Plaintiffs' motion for temporary restraining order is denied.

**IT IS SO ORDERED**.

DATED: June 1, 2010

HON. DANA M. SABRAW
United States District Judge